**FILED**

OA 91  Crimnal Complaint

# United States District Court

FEB 2 7 2008

<u>        NORTHERN        </u>    DISTRICT OF    <u>        CALIFORNIA        </u>

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.

Francisco Mora Alvarez

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number:    ᴗ    ᴗᴗ    7 0 1 0 5

**MEJ**

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my

knowledge and belief. On or about    February 27, 2008    in    Santa Clara    County, in
                                                                    (Date)

the        Northern        District of    California    defendant(s) did,

(Track Statutory Language of Offense)

See Attachment A

in violation of Title    21    United States Code, Section(s)    841    .

I further state that I am a(n)    Special Agent of the Federal Bureau of Investigation    and that this complaint is based on the following facts:

See Affidavit

Continued on the attached sheet and made a part hereof:        ☒ Yes        ☐ No

Approved
As To
Form:        Nicole M. Kim
    AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

February 27, 2008        at    San Francisco, California
Date                                City and State

Edward M. Chen, U.S.M.J.

Name & Title of Judicial Officer            Signature of Judicial Officer

## ATTACHMENT A

knowingly and intentionally, distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841.

ATTACHMENT B

AFFIDAVIT OF SPECIAL AGENT DOUGLAS COOK

I, Douglas Cook, hereby declare as follows:

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed as a Special Agent of the FBI for approximately 4 years and I have been assigned to the San Francisco Field Division since January 2008. Previously, I was assigned as the FBI's Sacramento Violent Crimes Task Force Coordinator and Bank Robbery Coordinator in the Sacramento division for approximately 3 years where I worked on various investigations including bank robbery, drugs and gun violation cases.

3. While employed in my current assignment, I have participated in the execution of arrest and search warrants involving offenses pertaining to the distribution of illegal narcotics. I have conducted interviews of defendants at the time of their arrest, after their arrest in conjunction with proffers and for safety-valve purposes; I have interviewed informants and other non-defendants with respect to drug investigations; and I have gained an understanding, from the interviews I have conducted, of the manner in which drug traffickers utilize coded language to conduct and conceal their drug trafficking activities. I have also participated in electronic interceptions involving large scale narcotics distribution organizations. In prior drug

1

investigations, I have participated in and planned numerous instances of physical surveillance, wire surveillance, electronic surveillance and controlled drug purchases. Moreover, I have gained expertise in the use of various law enforcement techniques including the application and utilization of electronic and wire interceptions, the utilization of confidential informants and cooperating witnesses, and the use of various physical surveillance techniques including the use of tracking devices, pole cameras and video recorders.

4. By virtue of my training and experience, and through my conversations with other experienced agents and officers who conduct drug investigations, I have become familiar with the methods used by drug traffickers to import, transport, store, safeguard, and distribute drugs; the methods used by drug traffickers to collect, transport, store, safeguard, remit, and/or launder drug proceeds; and the methods used by drug traffickers to obtain and utilize telephones, pagers, and other devices in order to communicate with each other, and the jargon and/or codes commonly used when they refer to drugs and/or drug proceeds.

5. This Affidavit is submitted in support of a criminal complaint charging **Francisco Mora Alvarez** (hereinafter "**ALVAREZ**"), with knowingly and intentionally distributing and possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841.

6. I am familiar with the facts set forth in this Affidavit from my personal observations and participation in this investigation, and the observations and investigations by other law enforcement officers, and through written reports, affidavits, notes, records, documents, and

2

other evidence obtained as a result of this and related investigations. Unless otherwise indicated herein, I believe the information provided to me by others to be reliable. In those instances wherein I assert an opinion or belief with respect to the facts alleged herein, that opinion or belief is based upon my training and experience as set forth previously herein, along with my knowledge of the investigation and any other specific factors I submit in connection with a particular assertion. My opinions are based on my training and experience, and my discussions with other law enforcement officers familiar with narcotics trafficking investigations, including this one.

7. On February 27, 2008, a federal search warrant was executed at 2867 Garden Avenue, San Jose, California (hereinafter the "Residence"). This location was the residence of Martel Murillo Valencia (hereinafter "Valencia"), who was indicted by a federal grand jury on February 19, 2008 for conspiring with others to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846; distributing and possessing with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841, and distributing and possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841. Valencia was arrested on February 27, 2008. I have read the affidavit in support of the aforementioned search warrant and I am aware that Valencia was one of the methamphetamine suppliers for the drug conspiracy. In addition, I have spoken in detail with one of the agents who executed the search at the Residence and am familiar with the facts of the search.

3

8. During the execution of the aforementioned search warrant, agents knocked and announced their presence at the Residence and Valencia opened the front door. Valencia was then arrested and stated that there was someone in the back bedroom of the Residence. Immediately after Valencia was placed under arrest, agents ordered **ALVAREZ** out of the back bedroom of the Residence. Agents then detained **ALVAREZ** and informed him that a search warrant was being executed at the Residence. **ALVAREZ** then stated that he lived at the Residence with his sister, and that the back bedroom was his room. **ALVAREZ** further stated that he had money in his bedroom. Agents then recovered approximately $950 in U.S. currency in a pair of pants in the room. **ALVAREZ** then stated that there was more money in the bedroom in addition to the $950. Pursuant to a search of the dresser in the room at **ALVAREZ**'s direction, agents recovered from various drawers approximately $9,000 in U.S. currency, an electronic scale, and a substance suspected to be methamphetamine. Agents proceeded to weigh the substance on the electronic scale recovered from the dresser in the room. The substance weighed approximately 750 grams and field-tested positive for methamphetamine. In addition, agents recovered a wallet on top of the dresser in **ALVAREZ**'s room which contained his driver's license, social security card, and resident alien card.

9. Based on the items seized during the aforementioned search and my training and experience in narcotics-related investigations, I believe that **ALVAREZ** was involved in the distribution and possession with the intent to distribute methamphetamine.

4

DOUGLAS COOK
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn to before
me this 27th day of February, 2008

HON. EDWARD M. CHEN
United States Magistrate Judge

5