```
 1  Bingham McCutchen LLP
    HAYWOOD S. GILLIAM, JR. (SBN 172732)
 2  haywood.gilliam@bingham.com
    ABIGAIL CONZATTI NICHOLS (SBN 252452)
 3  abigail.nichols@bingham.com
    Three Embarcadero Center
 4  San Francisco, CA  94111-4067
    Telephone:  415.393.2000
 5  Facsimile:  415.393.2286

 6  Attorneys for Defendant
    FRANCISCO MORA ALVAREZ
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION AND SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANCISCO MORA ALVAREZ,<br><br>    Defendant. | No. CR-08-0143 RMW<br><br>**REQUEST FOR RELATED CASE FINDING**<br><br>[Filed March 6, 2008]<br><br>(San Jose Venue) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>GUILLERMO ALEJANDRO ZARAGOZA, et al.,<br><br>    Defendant. | No. CR-08-0083 PJH<br><br>[Filed February 19, 2008]<br><br>(San Francisco Venue) |

In response to the related case notice filed by the United States of America on March 12, 2008, defendant Francisco Mora Alvarez respectfully submits this filing asking the Court to reconsider its finding that the two above-captioned criminal cases are not related.[1]

The later-filed charge in <u>United States v. Francisco Mora Alvarez</u> (Crim. No. 08-0143 RMW) is entirely subsumed, factually and legally, within the earlier filed case, <u>United States v. Guillermo Alejandro Zaragoza, et al.</u> (Crim. No. 08-0083 PJH). Mr. Alvarez was arrested during the execution of a search warrant at the home of Martel Valencia, one of the defendants in the <u>Zaragoza</u> case and a named interceptee of the wiretap in that investigation. <u>Zaragoza</u> involves a six-count indictment against fourteen defendants. That indictment and the related investigation directly led to the issuance and execution of eleven search warrants, including the one that resulted in Mr. Alvarez's arrest and the government's charges against him. Importantly, while the government claims in its notice that Mr. Alvarez "was found in one of the bedrooms in possession of . . . methamphetamine," Government's Notice at 2, the government's criminal complaint alleges that the methamphetamine was seized *from a dresser in the room*, not from Mr. Alvarez's person. In other words, this is not a case in which Mr. Alvarez fortuitously happened to be found in personal possession of methamphetamine during the execution of the warrant. Instead, the government's evidence in <u>Alvarez</u> is necessarily and intrinsically intertwined with and based on its evidence in the <u>Zaragoza</u> case: the question will be who if anyone possessed any items seized from Mr. Valencia's home.

The government argues in a footnote (without citing any authority) that Mr. Alvarez's "ability to contest the search of Valencia's home is severely circumscribed," Notice at 2 n.2, based primarily on the fact that Mr. Alvarez was not a named wiretap interceptee. While

---

[1] Undersigned counsel understands that under Local Rule 8.1(d), a party has five days from service of a related case notice to file a support or opposition. In this instance, defense counsel did not receive the government's notice until the evening of March 17, 2008, because the notice was sent to counsel's former email address at the Department of Justice rather than his current email address, and was not otherwise served by fax or mail. Counsel apologizes for this problem, and has corrected his email address in the Court's ECF system. Promptly upon receiving a courtesy copy of the notice (and the Court's order finding the cases not related) on the evening of March 17, counsel began to draft this filing.

Mr. Alvarez does not accept that assertion, and does not intend to respond fully to the government's would-be standing motion here, it is beside the point for purposes of deciding whether the cases are related. First, it remains to be seen, based on the government's just-beginning production of discovery, what bases Mr. Alvarez might have to challenge the wiretap. Second, if the wiretap application did not establish probable cause or was otherwise improper, then the search warrant based on the wiretap was necessarily deficient as well. In that instance, the warrant will be thrown out, and the evidence against Mr. Alvarez suppressed as the fruits of the poisonous tree. In other words, whether or not Mr. Valencia can challenge the wiretap directly, if the Zaragoza defendants succeed in suppressing the wiretap, the impact will not be limited to the named interceptees, since at that point the derivative search warrants would lack probable cause entirely. If the wiretap falls, the basis for the warrants will fall, and the evidence obtained during the search will not be usable against any of the defendants, including Mr. Valencia. *See, e.g.*, *United States v. Giordano*, 416 U.S. 505, 534 and n.19 (suppressing pen register evidence derived from illegal wiretap); *United States v. Ward*, 808 F.Supp. 803, 809 (S.D. Ga. 1992) (suppressing search evidence where search warrants based on invalid wiretap orders). In sum, Mr. Valencia's case is more than related to the Zaragoza case: it is essentially a subset of that case, sharing the same factual underpinnings.

For all of these reasons, there is no need to wait and see what motions the defendants might file, as the government suggests, before determining that the cases are related. The two cases are related under both Criminal Local Rule (b)(1) and (b)(2). The underlying facts at issue in Zaragoza will also be at issue in the Alvarez. The *events* and *occurrences* during the execution of the search warrant at Valencia's residence on February 27, 2008 will be at issue in both cases. *See* Criminal L.R. 8-1(b)(1). The ownership, control, and possession of the *property* seized in the Valencia residence will be contested in both cases. *See id.* The *transactions* and *events* alleged to supply probable cause for the search warrant will be challenged by the defendants in both cases, as will the validity and execution of the warrant.

Moreover, to the extent that legal issues will be briefed and argued in the Alvarez case, the same arguments will also be made in Zaragoza. Thus, both Judge Hamilton and Judge

Whyte will be asked to rule on substantially overlapping factual and legal issues.  *See* Criminal L.R. 8-1(b)(2).  The potential for duplication of labor if these cases are heard by different judges is thus high.  If Alvarez is before a different court than Zaragoza, there will be unnecessary expense and duplicative effort.  Moreover, having the cases heard by different judges will create a substantial risk of inconsistent factual or legal rulings based on the same underlying subject matter.

For the reasons set forth above, Mr. Alvarez respectfully requests that this matter be found related to the Zaragoza matter pending before Judge Hamilton and reassigned.

DATED: March 21, 2008

Bingham McCutchen LLP

By: /s/ Haywood S. Gilliam, Jr.
Haywood S. Gilliam, Jr.
Attorneys for Defendant
FRANCISCO MORA ALVAREZ